

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**CHRISTINA M. BEZAS**
(516) 357-3047
christina.bezas@rivkin.com

July 8, 2021

**VIA ECF**
Hon. Taryn A. Merkl
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  *Government Employees Ins. Co., et al. v. Beynin, et al.*
          Docket No. 1:19-cv-06118-DG-TAM
          RR File No.: 005100-02559

Dear Magistrate Judge Merkl:

      As the Court is aware, we represent Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co. (collectively "Plaintiffs" or "GEICO") in connection with the above-referenced litigation. Pursuant to Local Rule 37.3(c), Plaintiffs respectfully submit this letter-motion requesting an order compelling Defendants Spine Care of NJ PC ("Spine Care"), Advanced Spinal Care Rehabilitation PA ("Advanced Spinal"), and Axis Chiropractic Care, P.C. ("Axis Chiropractic") to produce documents in response to certain of Plaintiffs' First Requests for Production of Documents ("RFPs"), which were served on the Defendants on October 14, 2020. Copies of the pertinent RFPs and the responses thereto are annexed hereto as Exhibit "A".

      In particular, Plaintiffs have requested production of: (i) all federal, state, and city corporate tax returns prepared and/or filed by Spine Care, Advanced Spinal, and Axis Chiropractic, including all attachments and schedules from 2012 to the present (see RFP No. 4); and (ii) all federal and state quarterly payroll tax returns (IRS Form 941 and NYS Form 45-MN) prepared and/or filed by Spine Care, Advanced Spinal, and Axis Chiropractic from 2012 to the present (see RFP No. 5). To date, Defendants have only produced: (i) Advanced Spinal's prepared federal and state income tax returns for 2015, 2016, 2017, and 2018; and (ii) Axis Chiropractic's prepared federal and state income tax returns for 2015, 2016, 2017, and 2018, and Axis Chiropractic's prepared federal income tax return for 2019, none of which appear to have been filed. What is more, and as set forth in the Defendants' responses to the RFPs, the Defendants objected to the production of Advanced Spinal and Axis Chiropractic's payroll tax returns and Spine Care's corporate tax returns and payroll tax returns on the ground that the request is "unduly burdensome, vague, overbroad and the provision of said information, if available, as disproportionate to the needs of the case within the meaning of Rule 26." Defendants further objected on the ground that "prior to any judgment being obtained against a defendant, personal tax returns of such defendant are generally considered protected from discovery."

66 South Pearl Street, 11th Floor    25 Main Street    477 Madison Avenue    2649 South Road
Albany, NY 12207-1533    Court Plaza North, Suite 501    New York, NY 10022-5843    Poughkeepsie, NY 12601-6843
T 518.462.3000 F 518.462.4199    Hackensack, NJ 07601-7082    T 212.455.9555 F 212.687.9044    T 845.473.8100 F 845.473.8777
                                     T 201.287.2460 F 201.489.0495



Honorable Taryn A. Merkl, U.S.M.J.
July 8, 2021
Page 2

As an initial matter, GEICO has very colorably alleged that Spine Care, Advanced Spinal, and Axis Chiropractic are not legitimate healthcare practices, but rather are racketeering enterprises that were used by the Defendants as vehicles to submit a massive amount of fraudulent and unlawful no-fault insurance billing to GEICO. These allegations are hardly made in a vacuum. Rather, these allegations are backed by numerous, claim-specific examples of fraud and racketeering violations that were committed by the Defendants through Spine Care, Advanced Spinal, and Axis Chiropractic.

In this context, federal courts in this District and across the country – in highly analogous PIP fraud cases – have found the corporate financial records of a healthcare practice/alleged racketeering enterprise and its associates to be relevant and discoverable, even in cases that solely involved allegations of billing for medically unnecessary and illusory services, and that did not include allegations of financial misfeasance such as unlawful self-referrals, kickbacks, illegal ownership, and the like. See, e.g., State Farm Mut. Auto. Ins. Co. v. CPT Medical Services, P.C., 375 F.Supp.2d 141, 155-56 (E.D.N.Y. 2005)(finding "financial records, including tax returns of the defendants relating to transactions which generated cash" to be discoverable to demonstrate the extent to which defendants profited from alleged fraudulent PIP billing scheme); Gov't Emples. Ins. Co., et al. v. Yoo, M.D. et al., E.D.N.Y. Case No. 18-cv-05735, Text Order (E.D.N.Y. April 11, 2019)(in federal PIP insurance fraud and racketeering case, denying motion to quash subpoena seeking nine years' worth of bank records for alleged RICO enterprise, and noting that "[t]he records sought are pertinent and relevant to such no-fault insurance fraud and RICO claims brought against medical providers"); State Farm Mut. Auto. Ins. Co. v. Kalika et al., E.D.N.Y. Case No. 04-cv-04631, at Docket No. 41; Allstate Ins. Co. v. Elzanaty, 2012 U.S. Dist. LEXIS 171962 at *4 – *5 (E.D.N.Y. 2012); State Farm Mut. Auto. Ins. Co. v. Accurate Med., P.C., 2007 U.S. Dist. LEXIS 75336 at *3 – *4 (E.D.N.Y. 2007); State Farm Mutual Automobile Insurance Company et al v. Eastern Medical, P.C. et al., E.D.N.Y. Case No. CV 05-3804 (ENV)(RML) at March 21, 2007 Minute Entry. State Farm Mut. Auto. Ins. Co. v. McGee, et al., 2012 U.S. Dist. Lexis 188346 (E.D.N.Y. 2012); see also, Government Employees Ins. Co., et al. v. Carabasi, et al., D.N.J. Case No. 1:15-cv-07726-NLH-JS, at Docket No. 30 (granting GEICO's motion to compel production of healthcare practice/alleged racketeering enterprise's corporate bank records, tax returns, general ledgers, leases, and subleases where practice was alleged to have been used as a vehicle to submit fraudulent PIP billing to GEICO and other insurers); State Farm Mut. Ins. Co. v. Policherla, 2009 U.S. Dist. LEXIS 62135 at *15 – *17 (E.D. Mich. 2009)(in a case predicated solely on fraudulent billing for medically-unnecessary services, the court ordered production of various financial records, including tax returns, based on the plaintiff-insurer's argument that the financial discovery was relevant to "(1) assess the financial relationship and structure of the enterprise, (2) measure the extent and scope of defendants' fraud, (3) determine the financial relationship between members of the alleged fraudulent enterprise and third parties, (4) prove defendants motive, (5) identify other witnesses who may have participated in the fraudulent scheme, and (6) prove plaintiff's damages."); State Farm Mut. Auto. Ins. Co. v. Physiomatrix, Inc., 2013 U.S. Dist. LEXIS 189646 (E.D. Mich. 2013)(in a PIP fraud case that involved no corporate structure or kickback allegations, but that did involve billing for medically unnecessary services and an unlawful referral scheme, the court found the corporate financial records of a healthcare practice/alleged



Honorable Taryn A. Merkl, U.S.M.J.
July 8, 2021
Page 3

racketeering enterprise and its associates to be relevant and discoverable); Government Employees Ins. Co. v. J.D. D'Agostini, D.C., P.C., D.N.J. Case No. 2:17-cv-06620-MCA-MAH, at Docket No. 66; State Farm Mut. Auto. Ins. Co. v. Spine Specialists of Mich., P.C., 2016 U.S. Dist. LEXIS 187126 at * 10 – * 12 (E.D. Mich. 2016)(in a PIP fraud case, permitting discovery not only of defendants' corporate financial records, but also the financial records of the natural person defendant and his wife, where discovery was "relevant to establish, *inter alia,* the scope of the alleged fraud, the relationship between members of the alleged fraudulent enterprise and third parties, additional potential parties and witnesses, and damages"); State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic, P.C., 315 F.R.D. 220 (E.D. Mich. 2016); Government Employees Insurance Co. et al. v. Five Boro Psychological Services, PC et al., E.D.N.Y. Case No. CV 12-2448 (JG)(VMS) at May 24, 2013 Docket Entry; MedCity Rehab. Servs., LLC v. State Farm Mut. Auto. Ins. Co., 2013 U.S. Dist. LEXIS 64670 at *22 (E.D. Mich. 2013); Government Employees Ins. Co., et al. v. Specialty Medical Services, LLC, et al., D.N.J. Case No. 2:14-cv-08015-KSH-CLW, at Docket No. 60.

      Against this backdrop, the Defendants cannot legitimately argue that the corporate tax returns and payroll tax returns are irrelevant to the claims or defenses in this action. For example, the tax returns are highly relevant to demonstrate – among other things – the scope of the Defendants' racketeering scheme and the control and management of the Defendant healthcare practices/alleged racketeering enterprises. What is more, the tax returns are relevant to show that the purported healthcare services billed through the practices were provided by independent contractors, rather than employees of Spine Care, Advanced Spinal, and Axis Chiropractic, and therefore were non-reimbursable. In keeping with the fact that the tax returns are relevant, the Defendants have already produced some of Axis Chiropractic and Advanced Spinal's corporate tax returns. What is more, to the extent that the Defendants have any legitimate confidentiality or privacy concerns regarding their corporate tax returns, any such concerns can be completely obviated with an appropriate confidentiality order. In this context, numerous federal courts in analogous PIP fraud cases have determined that confidentiality orders should obviate any legitimate privacy concerns. See, e.g., D'Agostini, supra; Physiomatrix, supra at * 9; Elzanaty, supra at * 5.

      Plaintiffs note that, prior to the submission of this letter, they met and conferred by telephone with counsel for the Defendants, but the parties were unable to resolve the particular issues raised herein. Accordingly, Plaintiffs respectfully submit that the Court should order the Defendants to produce the corporate tax returns and payroll tax returns of Spine Care, Advanced Spinal, and Axis Chiropractic.

      Respectfully submitted,

      RIVKIN RADLER LLP

      */s/ Christina M. Bezas*

      Christina M. Bezas



Honorable Taryn A. Merkl, U.S.M.J.
July 8, 2021
Page 4

cc:   All Counsel of Record (via ECF)